THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JAMES E. DALRYMPLE, Appellant.

Fourth Department, April 30, 1952.

*John Leo Sullivan* for appellant.

*Sidney T. Hewes, Assistant District Attorney of Chautauqua County* for respondent.

*Per Curiam.* The defendant has been found guilty as charged in the indictment of the crime of sodomy in the first degree. No one will question that the record contains evidence sufficiently convincing to warrant a verdict of sodomy in the second degree. However, we find the evidence clearly insufficient to support the verdict of guilty of sodomy in the first degree.

Section 690 of the Penal Law, as amended by chapter 525 of the Laws of 1950 (§ 15), provides in pertinent part:

" A person who carnally knows any male or female person * * * against the will and without the consent of such other person; or,

" (1) When through idiocy, imbecility or any unsoundness of mind * * * such other person is incapable of giving consent, or, by reason of mental or physical weakness, or immaturity, or any bodily ailment, such other person does not offer resistance; * * * is guilty of sodomy in the first degree * * *."

The " other person " in this case is a female, who at the time of this occurrence was of the age of fourteen years and ten months and was a pupil in the seventh grade of the public school. The record is entirely devoid of evidence indicating force or duress; there is no evidence that the alleged act was committed against her will and without her consent; in fact, if credence is to be given to the confession, as well as to the other evidence offered by the People, it would appear affirmatively that the act was wholly voluntary on her part.

Further, no effort was made to introduce evidence of any description to the effect that this person was incapable of offering resistance or giving consent by reason of unsoundness of mind, mental or physical weakness, or immaturity.

Limiting our conclusion to the facts of this particular case, we must hold that it was error to permit the jury to determine merely from their personal observation of this person on the witness stand that she was incapable of giving consent or offering resistance because of the statutory disabilities.

The defendant is charged with a serious and repulsive crime and he should not be found guilty without clear and reliable testimony. In the absence of proof of these elements of the crime defined by the statute, it follows that the judgment of conviction should be reversed on the law and a new trial granted.

All concur. Present — TAYLOR, P. J., McCURN, KIMBALL, PIPER and WHEELER, JJ.

Judgment of conviction reversed on the law and a new trial granted.